UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MAURICIO COREAS,
JOSE QUINTEROS HERNANDEZ,
ANGEL GUZMAN CEDILLO,
WILLIAM KEMCHA and
WILSON RAMOS REYES,

    Petitioners,

    v.

DONNA BOUNDS,
*in her official capacity as Warden*,
*Worcester County Detention Center*,
JACK KAVANAUGH,
*in his official capacity as Director*,
*Howard County Detention Center*,
JANEAN OHIN,
*in her official capacity as*
*Acting Baltimore Field Office Director*,
*U.S. Immigration and Customs Enforcement*,
MATTHEW T. ALBENCE,
*in his official capacity as Deputy Director*
*and Senior Official performing the duties of*
*the Director of the U.S. Immigration*
*and Customs Enforcement*,
and
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

    Respondents.

Civil Action No. TDC-20-0780

**ORDER**

Pending before the Court is Petitioners' Motion for Expedited Discovery, ECF No. 99. In that Motion, Petitioners request that Respondents provide within 48 hours the following information for each individual detained by Immigration and Customs Enforcement ("ICE") in Howard County Detention Center ("HCDC") and Worcester County Detention Center ("WCDC"):

1. Biographical information, including name, country of citizenship, sex and age;
2. Last known home address and telephone number(s);
3. Alien registration number ("A number");
4. Name and contact information for the detainee's immigration attorney(s) of record on file with DHS (e.g., as contained in DHS Form G-28); and
5. Any and all known medical conditions, including but not limited to whether the detained person falls within a group at higher risk for severe illness as a result of COVID-19, as recognized by the Centers for Disease Control and Prevention or by U.S. Immigration and Customs Enforcement in its April 4 Updated COVID-19 Detained Docket Review Guidance.

Mot. at 2, ECF No. 99.

Respondents oppose Petitioners' Motion in part, arguing that Requests 2, 4, and 5 are overly broad and burdensome because (1) Request 5 would require Respondents to provide medical information as to all ICE detainees in HCDC and WCDC, rather than those with identifiable medical conditions that place them at particular risk were they to contract COVID-19; and (2) because the information responsive to Requests 2 and 4 is not readily available in electronic records, thus requiring examination of paper files. They do not, however, broadly object to expedited discovery of information on ICE detainees with high-risk health conditions.

The Court agrees with Respondents that Request 5 is overbroad in that there is no basis to require production of information for detainees who do not have high-risk conditions. At the same time, to address Petitioners' concern that the identified Centers for Disease Control and Prevention ("CDC") and ICE lists of high-risk conditions could be interpreted overly narrowly, the Court will modify the list of responsive conditions, as set forth below, to establish more clear, objective categories that reduce or eliminate discretion in identifying detainees with high-risk health conditions. The Court will also require a certification from the Warden of each facility that the list is accurate based on the medical records for each ICE detainee.

The Court also finds that although Requests 2 and 4 seek relevant information, the need for that information is secondary to the need for the information sought in the other requests. Because

of the greater difficulty in accessing that information, the Court will require production of that information on a separate schedule.

Accordingly, it is hereby ORDERED that:

1. Petitioners' Motion for Expedited Discovery, ECF No. 99, is GRANTED.

2. Respondents shall produce to Petitioners the information sought in Request 5, as modified below, by **Friday, June 5, 2020**. As to Request 5, based on the guidance from the CDC and ICE, Respondents are required to identify all ICE detainees at HCDC or WCDC for whom there is any information in the particular detainee's medical records suggesting that they have had, presently have, or may have one or more of the following medical conditions or other high-risk criteria, and to identify the specific conditions relevant to each detainee:

   1. Age 60 or older
   2. Lung disease
   3. Chronic obstructive pulmonary disease (COPD)
   4. Emphysema
   5. Bronchitis
   6. Pulmonary fibrosis
   7. Cystic fibrosis
   8. Asthma
   9. Hemoglobin or blood disorder
   10. Sickle cell disease
   11. Thalassemia
   12. Heart disease
   13. Heart failure
   14. Coronary artery disease
   15. Congenital heart disease
   16. Cardiomyopathy
   17. Hypertension or pulmonary hypertension
   18. Compromised immune system
   19. Cancer
   20. Smoking
   21. Bone marrow or organ transplant
   22. Immune deficiency
   23. HIV or AIDS
   24. Use of corticosteroids or other immune weakening medication

   25. Body Mass Index of 40 or higher
   26. Diabetes
   27. Kidney disease
   28. Liver disease
   29. Currently pregnant or having delivered in the last two weeks
   30. Endocrine disorders
   31. Metabolic disorders
   32. Neurological and neurodevelopment conditions

3. By the same date, the Warden of each facility shall submit a certification, under penalty of perjury, that the list of detainees responsive to Request 5 is complete and accurate based on the medical records for each ICE detainee.

4. For those ICE detainees whose information is produced in response to Request 5, Respondents shall produce to Petitioners the information sought in Requests 1 and 3 by **Friday, June 5, 2020**.

5. For those ICE detainees whose information is produced in response to Request 5, Respondents shall produce to Petitioners the information sought in Requests 2 and 4 by **Wednesday, June 10, 2020**.

Date:  June 2, 2020                              /s/ *Theodore D. Chuang*
                                                 THEODORE D. CHUANG
                                                 United States District Judge